JOHN D. CARPENTER v. CHARLES A. LONGUEMARE
AND WESLEY E. SMITH ET AL

No. A-4850. Decided August 11, 1954.
(270 S.W. 2d Series 457)

*Harold S. Long*, of El Paso, for petitioner.

Cited Dunagan v. Jones, 76 S.W. 2d 219, in support of petitioner's right to have his name printed on the ticket.

*Ernest Guinn*, of El Paso, for Longuemare and the other members of the committee, *J. F. Hulse* and *Frank H. Hunter*, both of El Paso, for Wesley E. Smith, the opposing candidate, all respondents.

Mr. Chief Justice Hickman delivered the opinion of the Court.

This action was brought by relator, John D. Carpenter, as an original proceeding in this court to compel respondents, Charles A. Longuemare and the other named members of the Democratic Executive Committee of El Paso County to have his (relator's) name printed on the official ballot for the second, or run-off, primary election of that party to be held on August 28, 1954, as a candidate for nomination for the office of County Commissioner of Precinct No. 4 of that county along with the name of Wesley E. Smith. As an incident to the relief sought by mandamus, relator prayed for an injunction against the certifying by the Chairman to the County Clerk of the name of Wesley E. Smith as the candidate nominated at the July primary election. After the case was submitted on briefs and oral argument by all parties we entered an order granting the relief prayed for. Since it was necessary to have ballots printed at once there was no time for the preparation of a written opinion

to be released with the order. We now record briefly the grounds upon which our order was based.

Jurisdiction of this cause is conferred upon this court by Vernon's Annotated Civil Statutes, Article 1735a. The facts are simple. Relator, John D. Carpenter, and respondent, Wesley E. Smith, were candidates for the nomination for the office of County Commissioner, Precinct No. 4, El Paso County, Texas, at the Democratic primary election on July 24, 1954. Smith received 1726 votes and Carpenter 1724 votes. There were three write-in votes for John L. Andreas and two write-in votes for Frank D. Stewart, but it is not alleged that either of them was a candidate for nomination for the office in question. After the votes were canvassed the County Executive Committee by resolution directed its Chairman, Longuemare, to certify the name of Wesley E. Smith as the nominee for the said office. Andreas and Stewart were qualified voters in the precinct and were eligible to hold the office in question if elected thereto.

Article 13.07 of the Election Code reads as follows:

"In all nominations by political parties holding primary elections as provided in Chapter 13 of this Code, and amendments thereto, the candidates for County and precinct offices shall be nominated by a majority vote of the electors voting in such primary; provided that if no candidate received a majority of the votes cast for the candidates for the office for which he is a candidate, the County Executive Committee, after canvassing the results of such primary as provided by law shall cause the names of the two (2) candidates receiving the highest number of votes to be placed on the ballot to be voted upon at the second primary at the time and in the manner provided by law for such second primary. * * *."

It is the position of respondents that the statute provides for a run-off in the event only that no candidate receives a majority of the votes cast for the candidates for the office for which he is a candidate; and that write-in votes cast for persons who are not candidates are not to be counted.

In Article 14.01 of the Election Code, a chapter governing campaign expenditures, the word "candidate" is defined as follows:

"The word 'candidate' shall mean any person who has announced to any other person or to the public that he is a can-

didate for the nomination for or the election to any office which the laws of this State require to be determined by an election."

To give Article 13.07 the construction insisted upon by respondents would place upon the Executive Committee the burden of determining whether or not one who had received write-in votes had announced "to any other person" that he was a candidate.

Article 7.14, Section 16, of the Election Code applicable to elections where voting machines are used provides as follows:

"Ballots voted for any person whose name does not appear on the ballot shall be designated 'irregular' ballots, but such ballots shall be valid and shall be counted as though they had been voted on the voting machine. Should a voter desire to vote for some person for an office whose name does not appear on the ballot such person shall write the name of the person for whom he desires to vote on the roll of paper provided and designated for such purpose and such ballot shall be counted and included in the canvass officially made from that precinct, but no irregular ballot shall be cast or counted for any person whose name shall appear on the voting machine."

Voting machines are not used in El Paso County, but in some counties in this State they are used in certain large boxes and are not used in the smaller boxes. By the terms of the Article just quoted, had voting machines been used in the election under discussion the votes for Andreas and Stewart would have been valid and must have been counted. We cannot ascribe to the Legislature the intent to provide that write-in votes are to be counted when voting machines are used, but not counted when such machines are not used.

Considering the statutes together in the light of the evident purpose to require that nominations be made by a majority vote, we arrived at the conclusion that the write-in votes for Andreas and Stewart should not have been disregarded. While the number of votes cast for them was rather insignificant, the question presented is the same as if they had received a hundred or more votes. We considered it our duty to announce a general rule of construction covering all situations, and while the construction of the statutes is not entirely free of doubt, we regarded the rule above announced the better one. Entertaining that view we entered the order stated in the opening of this opinion.

Opinion delivered August 11, 1954.

Associate Justices Garwood and Smith not sitting.

MR. JUSTICE WILSON dissenting.

I respectfully dissent.

Vernon's Annotated Texas Statutes, Election Code, Volume 9, Article 13.07, requires a run-off where no candidate receives "* * * a majority of the votes cast for the candidates for the office for which he is a candidate * * *."

Article 14.01 defines a candidate. It is uncontroverted that the two men who received the five write-in votes in the case at bar were not candidates within that definition. Here the legislature used apt language which would prevent inconvenience to the public and expense to the candidates. It seems to me that the construction adopted by the majority either deletes the words "for the candidates" from Art. 13.07 or alters the definition of the word *candidate* as contained in Article 14.01.

Opinion delivered September 24, 1954.