Johnnie McFARLIN, Appellant,

v.

STATE of Texas ex rel. Doc BARNARD, Appellee.

No. 3217.

Court of Civil Appeals of Texas.

Waco.

Oct. 28, 1954.

Rehearing Denied Nov. 24, 1954.

Tom R. Mears, Gatesville, for appellant.

Harry W. Flentge, Gatesville; W. V. Dunnam, Waco, Howell E. Cobb, Dist. Atty., Bosque County, Comanche, J. Albert Dickie, County Atty., Coryell County, Gatesville, for appellee.

HALE, Justice.

This appeal grows out of a proceeding in quo warranto. The suit was properly instituted under the provisions of Art. 6253, Vernon's Tex.Civ.Stats., in the name of the State of Texas, acting by its District Attorney, on the relation of Doc Barnard. The purpose of the proceeding was to have the respondent, Johnnie McFarlin, adjudged guilty of having unlawfully intruded himself into the office of trustee of the Flat Common Consolidated School District No. 93 in Coryell County (hereinafter referred to as the school district) and to have him ousted from his claimed position. The case was tried before the court without a jury and resulted in judgment against the respondent, from which he has appealed.

Under the first point in his brief, appellant says in effect that the trial court erred in taking jurisdiction of the case over his objection because, as alleged in his jurisdictional plea, the pleadings of appellee failed to show that relator had exhausted the remedies available to him by appealing to the proper school authorities before resorting to the courts. We are aware of the well established rule that when the trustees of a local school district make an unsatisfactory ruling based on disputed fact issues relating to any administrative problem, before an aggrieved party may properly resort to the courts for relief with respect thereto, he must first exhaust the remedies available to him through the Department of Public Education. However, we do not think this rule is applicable to the case here under consideration, for several reasons. In our opinion, the question as to whether a school trustee has or has not been legally elected does not pose an administrative problem. But, be that as it may, there was no material issue of fact raised by the evidence in this case and there was no pleading or evidence that relator was dissatisfied with any ruling made by the trustees of the Flat School District. Furthermore, even though relator had been aggrieved over any ruling of the trustees as to whether appellant was or was not a duly elected member of their body, no agency within the Department of Public Education could have lawfully decided the ultimate issue involved in this case because a proceeding in quo warranto is the exclusive legal remedy afforded to the public by which it may protect itself against the usurpation or unlawful occupancy of a public office by an illegal occupant. Williams v. Castleman, 112 Tex. 193, 247 S.W. 263; Willborn v. Deans, Tex.Civ.App., 240 S.W.2d 791 (er.ref.). Consequently, we think the trial court had jurisdiction over the subject matter and parties here involved.

Under other points in his brief, appellant says the court below erred (1) in refusing to dismiss the suit for lack of prosecution because the District Attorney did not ap-

pear at the time of trial; (2) in requesting the County Attorney to appear and in permitting the case to proceed with the County Attorney present, but with private counsel for relator taking the lead in the prosecution of the case; (3) in holding that George B. Adams was not a necessary party to the suit; (4) in holding that relator was a legally elected trustee; and (5) in holding that appellant was not a legally elected trustee. After due consideration of the record before us, we have concluded that the court did not err in any of the particulars of which appellant complains.

■ Although a proceeding in quo warranto must be instituted by the Attorney General, or by a district or county attorney of the proper county, either of his own accord or at the instance of any individual relator, we know of no reason why a relator who has an individual interest in the subject matter of the proceeding may not also secure private counsel of his own selection to be associated with the proper representative of the State in the prosecution of the case, provided such participation on the part of the private counsel is agreeable to the attorney for the State. The record does not show why the District Attorney was absent when this case was called for trial, but there is no showing that he was unwilling to prosecute the case or that the participation of private counsel for relator was in any wise unsatisfactory to him or to the County Attorney, or that appellant was injured or his rights prejudiced by reason of the part which the private counsel of relator took in the trial.

The competent evidence shows without any dispute that on January 6, 1954, F. E. Campbell tendered his resignation as a trustee of the Flat School District to the Board of Trustees, and his resignation was duly accepted. Thereafter, at the same meeting of the Board of Trustees, the remaining six members being present, the matter of electing a successor to fill the vacancy caused by the resignation of F. E. Campbell came on for consideration. Three members of the board voted for respondent and three members of the board voted

for Roy Botkins, with the result that neither of such nominees was elected or appointed. Although respondent was not elected or appointed to the office of trustee of the Flat School District, he wrongfully procured the issuance of a commission from the County Judge of Coryell County on representations that he had been appointed trustee of the district, but, under the existing circumstances, such commission was wholly void and of no effect. Thereafter, on May 3, 1954, a quorum of the school district trustees being present, relator was unanimously appointed as trustee of the school board to fill the unexpired term of F. E. Campbell.

■ As we understand appellant's brief, he contends that the Chairman of the Board of Trustees was not entitled to cast a vote in the balloting which occurred in the meeting of the board on January 6, 1954, and that since he received a majority of the five votes cast in that meeting, excluding the vote cast by the chairman, he was duly and legally elected trustee at that time, and hence he says there was no vacancy on the board when it met and purported to elect relator on May 3, 1954. We believe this contention is contrary to the express provision contained in Art. 2774a, § 3, Vernon's Tex.Civ.Stats., as follows: "the members of the board remaining after a vacancy shall fill the same for the unexpired term." We find no provision in the law which deprives the president or chairman of the Board of Trustees of a consolidated school district from the right to vote on any issue or matter coming before the board, and it appears to us that the statute which we have quoted expressly imposes upon him the duty as a member of the board remaining after a vacancy, to participate in filling the same for the unexpired term.

■ We find no provision in the statutes of this State or in the Texas Rules of Civil Procedure relating to proceedings in quo warranto which requires or authorizes the joinder of any party other than the alleged wrong-doer, except as contained in Rule 779, T.R.C.P. The claim

of George B. Adams, if any he has, does not come within the provisions of the latter rule.

Finding no reversible error in the record, all of appellant's points are overruled and the judgment of the court below is affirmed.