**PYOTE INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Carl D. ESTES et al., Appellees.**

**No. 5747.**

Court of Civil Appeals of Texas.

El Paso.

April 14, 1965.

Rehearing Denied May 5, 1965.

**4**

Murray J. Howze, Monahans, Hill D. Hudson, Pecos, for appellant.

R. B. McGowen, Jr., Pecos, T. H. Neel, A. R. Archer, Jr., Monahans, for appellees.

PER CURIAM.

This is an appeal involving substantially the same parties involved in our previous opinion, numbered 5740, which bears the same date as this opinion, styled Lasater et al., Appellants, v. Middleton et al., Appellees, 390 S.W.2d 8. In the case before us the appellant (plaintiff in the court below) appealed to the District Court from an order of the County School Trustees of Ward County, Texas consolidating the Pyote Independent School District with the Monahans-Wickett Independent School District. From an adverse ruling of the District Court, appellant has perfected its appeal. Appellant presents six points of error, and we shall take them up in the order presented.

In Point 1 appellant claims that the court erred in refusing to allow appellant to file its First Supplemental Petition and to allow evidence thereon.

With reference to Point 1, it appears that on the morning of August 12, 1964, just as this case was to go to trial before the District Court, the Supplemental Petition was presented by the appellant. It was objected to by appellees on the ground that it was actually an amended petition, and that such petition attempted to attack, for the first time in this particular lawsuit, the election of one A. J. Staas as School Trustee from Precinct 4, Ward County, Texas. As stated in our former opinion, Mr. Staas received 24 write-in votes at the Pyote election. It was stipulated that while no election was called by the County Judge for the election of County School Trustees,

nevertheless the write-in votes were cast at the time and place for the election of County School Trustees from Precinct 4. Articles 2746c and 2676, T.R.C.S., Vernon's Ann.Civ. St. arts. 2746c, 2676, provide that dual elections may be held on this statutory day; in other words, the electorate may vote for both independent school district candidates and county school district candidates. As we have held in our former opinion, the election of A. J. Staas could not be attacked at this time except by quo warranto proceedings. Other than to mention that the time for statutory election contests had elapsed, we will not elaborate on our prior discussion of this matter. Williams v. Castlemen, 112 Tex. 193, 247 S.W. 263; Kunschik v. Nichols, 135 Tex. 1, 137 S.W. 2d 1000. The matter is further discussed in Whitmarsh v. Buckley, Tex.Civ.App., 324 S.W.2d 298 (n.w.h.), and reference is made to this particular case and the cases cited therein. Also passing on this matter are the following cases: McFarlin v. State, 272 S. W.2d 630 (Tex.Civ.App., wr.ref.); Willborn v. Deans, 240 S.W.2d 791 (Tex.Civ. App., n.r.e.); 47 Tex.Jur.2d 568, Sec. 5. These cases illustrate what we have said before—that where an attack is made against the election of a public official or officer by one not asserting an adverse claim for such office, it occupies a different position than election contest which has for its purpose the declaration of the invalidity of activities or actions of certain boards or corporate bodies. An attack on the election of a public officer by one not asserting an adverse claim must be made either by a statutory election contest brought within the time provided, or by quo warranto proceedings. To hold otherwise would be to say that a member of some school board, or other corporate body, might be elected and serve for months, or even a year or more, and then his election be contested because of the way he voted or behaved on such board. This is not and never has been the intent of the law. The case of Cunningham v. Queen, Tex.Civ.App., 96 S.W.2d 798, cited by appellants, has to do with write-in votes cast at a run-off, or second primary. We do not think this case is in point. We should also like to reiterate that Article 4.04, Texas Election Code, V.A.T.S., grants the electorate the right to express its desires at the polls regardless of the failure or failures of some election official. It is also provided within our Texas Constitution that the potential power is inherent in the people. In overruling this point we again cite Bryant v. O'Donnell, 359 S.W.2d 281 (Tex.Civ. App., n.w.h.), and Carpenter v. Longuemare, 153 Tex. 439, 270 S.W.2d 457.

■ Further, it has been held that in order to protect the public and individuals, an officer whose election or appointment might be illegal and invalid is still a de facto official, and such is particularly true where there is an office to fill and an election had at the time and place authorized by statute. Boesch v. Byrom, 37 Tex.Civ.App. 35, 83 S.W. 18 (er.ref.). It is also held that the authority of a de facto official and his right to hold office may not be questioned in a collateral proceeding, but should properly be tested in a quo warranto proceeding. Bowen v. Board of School Trustees, Tex. Civ.App., 16 S.W.2d 424. Appellees point out in their brief that appellant had plenty of opportunity to file a statutory election contest, but did not do so, and did not attack the validity of Mr. Staas' election until the proceedings to annex the Pyote Independent School District came under consideration by the Ward County School Trustees. Also, with respect to this first point, it must be pointed out that the presiding judge has considerable law and discretion at his command with reference to his acceptance of this type of pleading presented at the time it was. Rule 63, Vernon's Texas Rules of Civil Procedure. Appellant's first point is overruled.

■ Appellant's Point 2 does not present anything new except the statement that the court refused to allow appellant the opportunity to introduce evidence that the order of the County School Trustees of Ward

County, Texas in annexing the Pyote Independent School District was null and void and permeated by fraud and deceit. But, as appellees point out, nowhere in appellant's brief is cited any place in the transcript, or statement of facts, indicating such refusal on the part of the court, and there is no evidence of fraud or deceit offered by the plaintiff in the trial court and refused. Point 3 alleges that the County Board of Trustees as constituted is illegal; but again, this seems to be an attack based on the alleged illegal election of A. J. Staas, and we have already held, and consider it clear, that this is an improper action, and not a quo warranto as required by law. Even though there is no clear evidence of the refusal of the evidence alluded to, it still is not important, because it would only apply to a matter that is not properly before the court because a quo warranto proceeding was not filed. Also, it will be noted that only the illegal status of A. J. Staas was attacked. Points 2 and 3 of appellant's brief are overruled.

■ Appellant's Point 4 alleges that the court erroneously applied the doctrine of res judicata on the ground that the matter of whether this matter should be a quo warranto proceeding or not was brought up in a previous trial that had not been consummated by appeal. We do not believe that principle is applicable here, but that the proper principle is that this matter was brought up and considered in a plea in abatement in another case, which indicates the pendency of another action involving the same subject matter between the parties. Therefore, we do not find that we have a res judicata situation here, but rather one that involves the question of the election of Mr. Staas as the subject matter of another suit which is presently on appeal. This matter was clearly presented to the trial court and in cause 5740 its legality has been passed on by this court. So at the time of the trial of the case before us there was pending another suit involving the same matter and the same parties, which preceded the filing of this, a subsequent suit to the same effect.

This was obviously the position taken by the trial court. Carter and Bro. v. State, 139 S.W.2d 661 (Tex.Civ.App., er.ref.); Rips v. Ungerman, 137 S.W.2d 87 (Civ.App., er. dism.); Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063.

■ Appellant's Points 5 and 6 attack the annexation order of the Ward County School Trustees as being arbitrary and capricious and not supported by substantial evidence, and assert that the trial court erred, in effect, in holding that the County Board of School Trustees of Ward County was a legally constituted Board, or were at least de facto County School Trustees. We think these two points must be overruled. It appears that the action complained of occurred at a meeting at which all five of the Board of School Trustees of Ward County were present, with four members voting in favor of the annexation and one member voting against it. Evidence was introduced before the trial court showing that the Pyote Independent School District—a 12-grade system—had, at the close of school in May, 1964, a scholastic enrollment of only 75 pupils, while the Monahans-Wickett Independent School District had an enrollment of 3,277; that there were 153 teachers in the latter school and only 12 in the Pyote District. Evidence was also introduced showing that the per-student cost of maintaining the school system in the Pyote District was $1,610.67, while the same per-student cost in the Monahans-Wickett District was $415.36; that the Monahans-Wickett District was a fully accredited member of the Southern Association of Colleges and Universities; that the Pyote Independent School District was not so accredited; that high school students in the Monahans-Wickett District had a choice of 60 to 70 subjects, while high school students in the Pyote District had a choice of only 15. Appellees claim that appellant did not offer any evidence which was refused by the court concerning the merits of the annexation order, and that therefore appellant's Point 5 is moot. In any event, however,

under the substantial evidence rule, it is clear to us that there was ample evidence before the trial court to justify the annexation by the County School Trustees of Ward County. Art. 2922a, T.R.C.S., Vernon's Ann.Civ.St. art. 2922a; Neill v. Cook, 365 S.W.2d 824 (Tex.Civ.App., n.r.e.); Erath Co. Sch. Trustees v. Hico County Line Ind. S. Dist., Tex.Civ.App., 247 S.W.2d 564. The record is replete with exhibits upholding and illustrating the facts and circumstances detailed above with reference to the advantages of annexation.

■ As to the substantial evidence rule, it has long been the law that upon an attack of such an administrative order as we have here, competent evidence bearing on the question is admissible and entitled to consideration whether such evidence was actually before the administrative board at the time of the administrative action. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; State Board of Examiners in Optometry v. Marlow, 257 S.W.2d 761 (Tex.Civ. App., n.w.h.). For the reasons stated above, Point 5 must be overruled.

■ Appellant's Point 6 does not really present anything new. It merely says the court erred in holding that the County Board of School Trustees of Ward County, Texas was legally constituted, or they were at least de facto County School Trustees. Some of these members had not be reelected in 1963, but it is provided by our Constitution, and upheld by numerous decisions since, that office holders still retain their validity to serve until their successors shall be duly qualified. This, of course, is to keep the wheels of government in motion. However, appellant does not attack or complain of this matter, but address themselves to the legality of the election and service of Mr. Staas, and try to maintain that because, in their opinion, he was illegally elected, all actions of the Board were therefore illegal. The matter of the election of Mr. Staas has already been disposed of. There are cases holding the status of the other members of the Board to be legal, and statutes to that effect, so that there will always be a functioning Board. Article 2676, T.R.C.S.; Article XVI, Sec. 17, Texas Constitution, Vernon's Ann.St.; Plains Common Consol. Sch. Dist. No. 1, etc. v. Hayhurst, 122 S.W. 2d 322 (Tex.Civ.App., n.w.h.). Finally, we should like again to refer to Article 2922a, T.R.C.S., which authorizes the County School Trustees of a particular county to annex, within certain limits, smaller independent school districts to major school districts. The annexation order with which we are here concerned was by virtue of this statute, the constitutionality of which has been tested in court many times. Neill v. Cook, 365 S.W.2d 824 (Tex.Civ.App., n.r. e.); District Trustees, etc. v. Pleasanton Ind. Sch. Dist., Tex.Civ.App., 362 S.W.2d 122 (n.r.e.). Here we have an independent school district where the school enrollment has declined in the last several years from 145 to only 75 students in all 12 grades, with the cost per capita per year about four times that of the Monahans-Wickett School District; plus the fact that the Monahans-Wickett School District is accredited, with other advantages we will not enumerate. Therefore, it appears to us that the facts amply justify, and in actuality compel, the annexation order by the Ward County School Trustees. It is obvious, and we so hold, that the annexation order was not arbitrary or capricious, but that it was supported by substantial evidence and was executed or promulgated by a legally constituted Board.

Appellant's points are therefore overruled, and the judgment of the trial court is in all things affirmed.