**8**

A. M. LASATER et al., Appellants,

v.

J. E. MIDDLETON et al., Appellees.

No. 5740.

Court of Civil Appeals of Texas.

El Paso.

April 14, 1965.

Rehearing Denied May 5, 1965.

Murray J. Howze, Monahans, Hill D. Hudson, Pecos, for appellants.

R. B. McGowen, Jr., Pecos, T. H. Neel, A. R. Archer, Jr., Monahans, for appellees.

PER CURIAM.

This is an appeal from a holding of the District Court of Ward County, Texas in which the court sustained a plea in abatement filed by the defendants. As described in appellees' brief, the plaintiffs in the trial court were Pyote Independent School District, et al., and defendants were Ward County School Trustees. The plaintiff-appellants asked for a declaratory judgment seeking to have declared null and void the election of one A. J. Staas to the County Board of School Trustees of Ward County from Precinct 4 of that county. At an independent school district election held at Pyote and by Pyote Independent School District, some 24 voters wrote across the bottom of their ballots the words "For County Trustee" and below that the name of A. J. Staas. This election was held April 4, 1964, and appellants filed their petition attacking the validity of the election of Mr. Staas on July 14, 1964, some four months after the election. It is conceded that the election was held on the first Saturday in April, the statutory time for the holding of such county and/or district school trustee elections, as set forth in Articles 2746c and 2676 as amended, Vernon's Ann.Civ.St. arts. 2746c, 2676. These articles provide for dual elections of *school district* trustees and *county* trustees to be held together, at the same time and place and under the supervision of the same election judges. The appellees filed a plea in abatement alleging that the action was not proper because it was neither a statutory election contest nor a "quo warranto" proceeding. Upon hearing the parties, the trial court sustained the plea in abatement, and appeal therefrom has been timely made to this court.

The appellants claim that the lower court committed error in holding that they could

not maintain their action for declaratory judgment and injunction; in sustaining appellees' plea in abatement; in holding quo warranto proceedings to be the exclusive remedy; and lastly, that the action was an election contest.

We believe that the action of the trial court must be sustained. The time for filing an election contest had elapsed, and it is conceded that this was not in the nature of a "quo warranto" proceeding. Appellees allege that the reason for this rule is that where an attack is made against the election of a public officer by a person not asserting an adverse claim to such office, such attack can be made by the public generally only in the form of a statutory election contest or quo warranto proceeding. They argue that this is a rule of reason because an elective official might be subject to attack as to the validity of his election at any time during the tour of his office simply because he displeased some or part of the electorate. It has been held in Texas that the motive of the electorate in its voting is not binding in a contest over the election of such official. Duncan v. Willis, 157 Tex. 316, 302 S.W.2d 627. The appellants here base their attack largely on the fact that the County Judge did not call the election in question with respect to the election of county school trustees. However, Article 4.04 of the Texas Election Code, V.A.T.S. provides that the failure of a public official whose duty it is to call such election does not deprive the people of the right to have the election and express their desires therein. It has also been held that laws requiring notice of general election are usually held to be directory only. Christy v. Williams, Tex. Civ.App., 292 S.W.2d 348; error dismissed 156 Tex. 555, 298 S.W.2d 565. It has also been held by the Dallas Court of Civil Appeals that the failure to put the name of the office and the candidate on the official ballot does not evidence that the voters did not know that they could write in the names of their choice as nominees for the office. (That seems to be our situation here, as some 103 people voted for trustees for the Pyote Independent School District in Precinct 4, including the 24 write-in votes for Mr. Staas as County School Trustee for Ward County). In this same decision rendered by the Dallas Court of Civil Appeals (no writ history), it is pointed out that to hold otherwise might be a dangerous invitation to preclude voters from the privilege of voting merely by leaving the title and/or the name of any nominee off of the ballot, as well as to permit election officials to exercise their own discretion in disallowing votes on the ground that, in the opinion of the election officials, the voters were not sufficiently well informed to know that they might vote for certain offices. This case goes on to point out that voters are presumed to know the law and their rights thereunder, and the fact that a very small number voted is no reason for throwing out their votes. This same opinion also cites an opinion by the Texas Attorney General, No. 0–2576, in which it is stated that the electorate may write in both the title of the office and the name of the candidate of their choice. Bryant v. O'Donnell, 359 S.W.2d 281 (Civ.App., Dallas, n. w. h.); Carpenter v. Longuemare, 153 Tex. 439, 270 S.W.2d 457.

It is apparent from the record that the election of Mr. Staas was known and announced immediately, but that nobody took any action for four months, at which time the County School Trustees commenced consideration of the possible consolidation, or annexation, of the Pyote Independent School District with the Monahans-Wickett Independent School District.

In summation, therefore, it appears from the record that at a regular election for school district trustees, which under law was permitted to be a dual election, the name of Mr. Staas was written in as County School Trustee for Precinct 4, Ward County, Texas. Appellants, in their brief, argue that this was a preconceived scheme to destroy and abolish the

Pyote School District. However, as pointed out above the law does not permit the motive of voters to be inquired into, and there is no evidence that this was the reason that Mr. Staas was so elected. The only proof offered found in the Statement of Facts, the Transcript and the Bill of Exceptions is that a number of voters did not know that anybody was going to vote for Mr. Staas for this position. As stated above, the law has been enunciated very recently to the effect that voters are presumed to know the law of elections and their rights thereunder. We do not find that this is, as alleged by appellants, a "void election". It is not an attack by one adversely seeking the office, but by a group of people seeking to disallow the election of a county school trustee some four months after the election, at a time when the said county school board of trustees was considering the annexation of the Pyote Independent School District. As pointed out above, it has been clearly enunciated that a qualified voter may vote at a regular election for a candidate of his choice even though the name of the office or the candidate is not to be found on the ballot and has to be written in by the voter. It is conceded that the action here is not in any way a "quo warranto", nor can it be an election contest because of lapse of time. We hold, therefore, that the matter before us could only be attacked by either statutory election contest or a proceeding in quo warranto, and that the attack by appellants here is not the proper one under the circumstances hereunto appertaining. As we have pointed out, and as stated by appellants in their brief, this is a class action or an action by the people, rather than that of one claiming the office adversely to the incumbent.

For the reasons set forth above, we overrule all of appellants' points and hold that the trial judge was correct is sustaining the appellees' plea in abatement.

The judgment of the trial court is therefore, in all things, affirmed.