

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
ATTORNEY GENERAL

February 12, 1974

The Honorable Eugene T. Jenson
County Attorney
Chambers County
Anahuac, Texas 77514

Dear Mr. Jenson:

Opinion No. H- 226

Re: Constitutionality of Senate
Bill 807, 63rd Leg., 1973,
concerning qualification of
members of governing
boards of certain conser-
vation and reclamation
districts

You have asked for an opinion of this office concerning the constitutionality of sections added to the Water Code by Senate Bill 807 (Acts 1973, 63rd Leg., ch. 635, p. 1748) relating to the qualifications for membership on governing boards of certain conservation and reclamation districts created under Article 3, § 52, and Article 16, § 59, of the Texas Constitution.

The bill contains *four similarly worded parts to be codified respectively* as § § 50.024, 51.0721, 53.0631, and 54.1021, in those chapters of the Water Code, V. T. C. S., which govern water control and improvement districts, fresh water supply districts and municipal utility districts. Our reference to sub-sections of these four new sections will be singular but is intended to cover all of them.

On June 16, 1973, this office issued Letter Advisory No. 53 to Governor Briscoe concerning the constitutionality of subsection (a)(5)(B) of each section to be added by Senate Bill 807. That subsection would render ineligible a person who "is or has been within the two years immediately preceding his election or appointment to the board:"

"(B) a party to a contract with or along with a
developer of property in the district relating to the
district or to property within the district, other than
a contract limited solely to the purpose of purchasing

> or conveying real property in the district for the
> purpose of either establishing a permanent residence
> or establishing a commercial business within the
> district."

In that opinion, we concluded that the quoted subsection would probably be held unconstitutional under § 3 of Article 1 of the Constitution of the State of Texas and under the Fourteenth Amendment to the Constitution of the United States, which both guarantee equal protection under state law.

Letter Advisory No. 53 limited our review of Senate Bill 807 to the specific subsection referred to us by the Governor and stated that it should not be understood as passing upon the constitutionality of any other provision. Your request inquires about the constitutionality of "all other sections of Senate Bill 807."

In conducting such a review, we must keep in mind that courts will seek to uphold legislation, and will strike it down as unconstitutional only if there is no other reasonable alternative.  Cameron County v. Wilson, 326 S. W. 2d 162 (Tex. 1959).

Subsection (b) of each section states:

> "Within 60 days after the governing board determines
> a relationship or employment which constitutes a dis-
> qualification under Subsection (a) of this section, it
> shall replace the person serving as a member of the
> governing board with a person who would not be dis-
> qualified."

As we construe them, the new sections do not authorize a specific removal procedure for a director but rather state as a policy that, upon the obvious occurrence of a disqualification of a director and the determination of the fact by the governing board, the office becomes vacant.  Compare Pruitt v. Glen Rose Independent School District, No. 1, 84 S. W. 2d 1004 (Tex. 1935).

It must be borne in mind, however, that if the fact of vacancy of the office is reasonably disputed, the governing board lacks authority to adjudicate that fact. The remedy would be by writ of quo warranto. See Articles 5996, 5997, 6253 and 6257, V. T. C. S.; McFarlin v. State, 272 S. W. 2d 630 (Tex. Civ. App., Waco, 1954, err. ref'd., n. r. e.).

In Honey v. Graham, 39 Tex. 1 (Tex. 1873), the Supreme Court said:

> "The right to hold and exercise the functions of an office to which the individual may have been duly elected, may be regarded both as property and privilege, and therefore the incumbent can only be deprived of his office in the manner pointed out in . . . the constitution. It may be safely admitted that more than one case might occur where the governor would be authorized in assuming that an office was vacant; but no case can occur under our constitution wherein the governor would be authorized to adjudge an office forfeited.

> "Judgment belongs to the judiciary. A charge of forfeiture can only be made out on proof - proof sufficient to satisfy twelve unprejudiced minds.

> "To forfeit his right to an office, the incumbent must have done something sufficient in law to deprive him of the office; and the constitution and laws secure to the person so accused the right of traverse - the right of trial - and no power on earth can lawfully deprive him of these rights." (39 Tex. at 11 - 12)

We are of the opinion, therefore, that so long as Subsection (b) is not interpreted as authorizing a governing board to conduct a removal proceeding and to adjudge an office vacant over objection, it may constitutionally authorize the board to replace a director who acknowledged the vacancy of his office or whose office has been declared vacant by proper judicial order.

Subsection (a) of each section declares a person disqualified to serve on the board of a district in five situations, one of which was the subject of Letter Advisory No. 53, supra.   If this provision were to be interpreted so as to disqualify those already elected to a board on August 27, 1973, when Senate Bill 807 became effective, we think it would be considered unconstitutional by the courts as violative of Article 1,  16, of the Texas Constitution, which disqualifies retroactive legislation adversely affecting vested rights. See Deacon v. City of Euless, 405 S. W. 2d 59 (Tex. 1966); compare Childress County v. Sachse, 310 S. W. 2d 414 (Tex. Civ. App. , Amarillo, 1958, writ ref. , n. r. e. , 312 S. W. 2d 380).

But it should not be assumed that the Legislature intended an unconstitutional result.   53 Tex. Jur. 2d, Statutes,   182.   The Act is subject to the reasonable construction that it applies prospectively only so that it affects directors either elected or appointed to office after its effective date or, though elected earlier, change their status and become disqualified after that date.

Subsection (a)(2) provides that a person is disqualified if "he is related within the third degree of affinity or consanguinity to a developer of property in the district, any other member of the governing board of the district, or the manager, engineer, or attorney for the district. "  The term "developer" is defined.

The wisdom of a legislative enactment is for the Legislature.   Our only concern with the disqualifications of subsection (a) is with their legality.   As we did in Letter Advisory No. 53, we here seek to determine the course the courts would probably take if presented with the questions.

We have no doubt that a reasonable basis can exist for guarding the governing boards of public bodies from nepotic influences, particularly where one family member is likely to dominate the will of another.   Although a disqualification extending through the third degree of affinity goes far, we cannot say that it would be held by the courts to be unreasonable as a matter of law.

Subsection (a)(2) provides a disqualification for anyone who is an employee, or was "within the two years immediately preceding his election or appointment to the board an employee of any developer of property in the district or any director, manager, engineer, or attorney for the district. "  (Emphasis added)

We are of the opinion that insofar as this disqualification depends upon present status, it probably will be upheld by the courts. Although the strong presumption normally accorded legislative acts is weakened where basic political rights are involved, [Compare Kramer v. Union Free School Dist. No. 15, 395 U.S. 621 (1969); Bullock v. Carter, 405 U.S. 134 (1972); Williams v. Rhodes, 393 U.S. 23 (1968)] nevertheless, in our opinion the disqualification is not on its face insupportable as a matter of law.

We have concluded, however, that three other disqualified-class descriptions, in addition to the one considered by Letter Advisory No. 53, cut such a wide swath as to run afoul of Equal Protection provisions of the state and federal constitutions. Texas Constitution, Article 1, § 3, U.S. Constitution, Amendment 14. As we discussed in Letter Advisory No. 53, "Equal protection requires that a legislative classification should be reasonable for the purpose of the legislation, and must not be arbitrary." Bjorgo v. Bjorgo, 492 S.W.2d 143 (Tex. 1966); Buchanan v. State, 480 S.W.2d 207 (Tex. Crim. 1972); McDonald v. Board of Election Commissioners of Chicago, 394 U.S. 802 (1969); Reed v. Reed, 404 U.S. 71 (1971).

We feel that the courts would find the subsection (a)(2) disqualification to offices of those who might have been employees of a developer of property in the district, or of a director, manager, engineer or attorney of the district within two years immediately preceding his election or appointment, to be unreasonably broad for the purpose of the legislation and to be arbitrary. This conclusion is consistent with our reasoning in Letter Advisory No. 53.

The Legislature did not simply disqualify the present dual status of employee-director. It made ineligible as directors those who have been so employed within a two year period. In Letter Advisory No. 53, commenting upon the similar restriction of subsection (a)(5)(B), we said:

> "Assuming the purpose of the . . . statute to be to eliminate conflicts of interest between developers, on the one hand, and boards of directors of water districts on the other, we can see no reasonable relationship between the classification of [the subsection] and that purpose."

We do not believe that there is a reasonable basis for holding that a person, as for example, a secretary who worked for an attorney two years ago, should be disqualified from serving as a director of a district merely because the attorney now represents the district, in the absence of a factual showing of some continuing relationship or influence which would affect her ability to serve.   And compare Cleveland Board of Education v. La Fleur, _____ U.S. _____, 42 LW 4186, (January 21, 1974).

The same holds true for the classification of subsection (a)(4) which not only disqualifies those who serve simultaneously as an attorney, consultant, engineer, a manager, architect, or in some other professional capacity for the board or for a developer in connection with property within the district, but those who have previously served in such capacities within a two year period.   We think the proscriptions against previous service and previous employment are invalid.

Letter Advisory No. 53 was addressed only to subsection (a)(5)(B) of Senate Bill 807.   We went no further than the requested opinion required, and the validity of other particular provisions, including that of subsection (a)(5)(B), was not placed before us for specific review.   It suffers, however, from the same deficiency as the others discussed above, i.e., not only are persons presently contracting with the governing board of the district barred from office, but also those who contracted with it during the two years preceding their election or appointment (notwithstanding that such contracts may have long since terminated).   In our opinion, disqualification for the office cannot be reasonably based upon prior contractual relationships over such an extended period without the existence of other factors indicating an inability to serve the district without bias.

We have examined subsections (c) of the statutes, the penal provisions, to determine their constitutionality.   They provide:

> "Any person who willfully violates the provisions
> of Subsection (a) of this section is guilty of a misdemeanor,
> and on conviction, shall be fined not less than $100 nor
> more than $1,000."

We have difficulty with this provision because Subsection (a) does no more than describe those who are disqualified.   Disqualification hinges, not neces-

sarily on the commission of an act, but often on the relationship of a director to another person or business entity, a relationship over which the director might have no control.

> "A [criminal] statute which either forbids or requires
> the doing of an act in terms so vague that men of
> common intelligence must necessarily guess at its
> meaning and differ as to its application, violates the
> first essential of due process."

Connally v. General Construction Co., 269 U.S. 385, 391 (1926). A statute which purports to impose criminal sanctions must be certain and definite in its proscriptions to comply with due process requirements. See Texas Liquor Control Board v. Attic Club, 457 S.W. 2d 41 (Tex. 1970); Attorney General Opinion H-15 (1973).

However, the courts are required to adopt such a construction of penal statutes, if possible, to uphold their constitutionality. State v. Shoppers World, Inc., 380 S.W. 2d 107 (Tex. 1964).

In our opinion, Subsections (c) may and should be interpreted to provide that it is a penal offense to willfully, i.e., knowingly, occupy an office as director of a district and exercise the rights of a director when disqualified under subsection (a). We are not authorized to question the wisdom of the legislation. Putting that question aside, we cannot say that the statute, so construed, is too vague to give the constitutionally required notice.

It has been suggested that the operation of Senate Bill 807 would unconstitutionally impair the obligations of contracts between the district and third parties if it required the vacation of office by the district's board of directors and no others owning property within the district could legally qualify for election or appointment. But such a situation would be no different from that which would occur if qualified persons refused to be candidates, or if, though elected or appointed, they refused to meet and act as directors.

We do not see that the mere enactment of this legislation has impaired the obligations of any valid contracts.  Compare Texas State Board of Barber Examiners v. Beaumont Barber College, Inc., 454 S.W.2d 729 (Tex. 1970). Moreover, subsection (e) is specifically designed to protect innocent persons dealing with the board of directors of a district.

As we pointed out in Letter Advisory No. 53, though Senate Bill 807 contains no severability provision, Article 5429b-2,  3.12, V.T.C.S., the Code Construction Act, provides for severability of code provisions if feasible. We do not think the probable unconstitutionality of the prior status provisions of subsections (a)(2), (a)(5)(A), or (a)(5)(B), or, for that matter, the possible unconstitutionality of the penal provisions, if in fact subsequently found by a court, will invalidate the rest of the provisions.  We think valid and workable statutes will remain.

### SUMMARY

Additions to the Water Code by Senate Bill 807, 63rd Leg., providing for the replacement of directors who vacate their office because of disqualification, are constitutional.  The penal provisions, as construed and interpreted in this opinion are constitutional.  Certain of the disqualifications, having no reasonable basis, are unconstitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee