

# THE ATTORNEY GENERAL
## OF TEXAS

February 24, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Hugh Parmer  
Chairman  
Intergovernmental Relations  
  Committee  
Texas State Senate  
P. O. Box 12068  
Austin, Texas   78711

Opinion No.   JM-636

Re:  Whether an individual may avoid application of the nepotism law to a relative by resigning from a position on the board of trustees of a school district and subsequently standing for re-election

Dear Senator Parmer:

You inquire about the application of the nepotism law, article 5996a, V.T.C.S., to a particular case involving a teacher who is related to a school board member. An independent school district hired a teacher in August of 1985. The school board approved the teacher's rehiring in March of 1986. In April, 1986, the teacher's mother was elected to the school board. A mother and daughter are related within the first degree of consanguinity, Letter Advisory Nos. 115 (1975); 67 (1973), a relationship covered by the following prohibition of the nepotism act:

> No officer of this State . . . nor any officer or member of any State district, county, city, school district or other municipal board . . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board . . . when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever. . . .

V.T.C.S. art. 5996a.

The teacher had not completed a year of service prior to the time her mother joined the board. Thus, she did not qualify for the exemption proviso set out in the nepotism law:

> [P]rovided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for a period of one (1) year prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree.

V.T.C.S. art. 5996a. The school board on which the teacher's mother served could not renew the daughter's teaching contract, but the teacher would be allowed to serve out her present contract. See, e.g., Attorney General Opinions MW-286 (1980); M-862 (1971); Letter Advisory No. 70 (1973).

You ask whether the school board member may resign in February of 1987 and file to run again in the April 4, 1987 election so that her daughter might continue to hold her job as teacher. The teacher's contract would presumably be renewed during the time her mother was not on the board.

As a preliminary matter, we will point out that the board member will continue to serve in a holdover capacity after her resignation until she is replaced by a successor. Article XVI, section 17, of the Texas Constitution provides as follows:

> All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.

An officer's resignation creates a legal vacancy which can be filled in the manner provided by law. See Attorney General Opinion M-659 (1970). The officer, however, continues to serve and to have the duties and powers of office until a successor is qualified. Jones v. City of Jefferson, 1 S.W. 903 (Tex. 1886); Pyote Independent School District v. Estes, 390 S.W.2d 3 (Tex. Civ. App. - El Paso 1965, writ ref'd n.r.e.). Thus, until the legal vacancy created by the school trustee's resignation is filled by a successor, she will remain a member of the school board, and the board will be barred from reappointing the trustee's daughter as a teacher.

Assuming that the trustee resigns from the board and is replaced by a successor, we must consider whether her daughter may be hired for another school year in March of 1987.

We believe the school board may reappoint the teacher in this case, if her mother has resigned from the board and has been replaced by a qualified successor.  If no board member is related to the teacher in a prohibited degree, the plain language of article 5996a, V.T.C.S., would not bar her reappointment.  We caution, however, against the practice of trading.  V.T.C.S. art. 5996c.

Your request letter also suggests that the teacher will be exempted from the nepotism act if her mother is again elected to the school board.  You reason that her year of service prior to her mother's resumption of office in April, 1987, will constitute one year of prior continuous service within the exemption provision.  We will next address this issue.

We may look to the emergency clause of the bill in order to ascertain the legislative intent underlying the one-year requirement.  Popham v. Patterson, 51 S.W.2d 680 (Tex. 1932); see also Attorney General Opinion V-1142 (1951).  A 1949 amendment to the nepotism law added the exemption provision.  Acts 1949, 51st Leg., ch. 126, at 227. The original exemption provision exempted persons who had been "continuously employed . . . for a period of two (2) years prior to the election or appointment of the officer" related to the employee within a prohibited degree.  Id. §1.  Article 5996a, V.T.C.S., has been amended twice since 1949.  See Acts 1951, 52nd Leg., ch. 97, at 159; Acts 1985, 69th Leg., ch. 152, at 683.  The most recent amendment, adopted in 1985, reduced the required period of prior service from two years to one year and made other changes affecting the employment of persons who are exempted by the one year provision. Acts 1985, 69th Leg., ch. 152, §1, at 683.  The amendments subsequent to 1949 have not, however, changed the requirement that the employee have been continuously employed "prior" to his relative's assumption of office.  Thus, we may still look to the emergency clause of the 1949 amendment for some indication of legislative intent.

The emergency clause states in part:

> The fact that numerous employees of the State and its agencies and subdivisions whose services are valuable to the State are required to give up such employment because members of their family may be, from time to time, elected to offices in this State under whom such employees hold their employment, and the fact that persons who have continuously served the State prior to the election to some office of a relative should not be discharged for that reason alone, and the fact that the purpose of the nepotism law was not to oust such persons from legitimate employment by the State, create an emergency. . . .

Acts 1949, 51st Leg., ch. 126, §3, at 227. This clause recognizes the value of a public employee's services, particularly an employee who has served continuously for a designated period of time. The length of service provides a measure of the employee's value, in that it signifies some degree of job loyalty and job experience.

The one year may also provide an opportunity for disinterested evaluation of the employee. Once the employee's relative becomes a board member, the other board members may hesitate to fire him because of his relationship to their fellow board member. A supervisor, answerable to the board, may be reluctant to give a negative evaluation to an employee related to a board member. During the one year of prior service, however, the employee may prove his merit, and the board may evaluate him, without being subject to such indirect influences as an actual nepotism relationship might cause. Cf. New Mexico State Board of Education v. Board of Education, 624 P.2d 530 (N.M. 1981) (competency of tenured teacher was established years before family member was elected to school board).

The legislature has decided to distinguish between employees who have completed one year of prior continuous service before their relative takes office and employees with less than one year of service. See, e.g., Bean v. State, 691 S.W.2d 773 (Tex. App. - El Paso 1985, writ ref'd); Attorney General Opinion Nos. JM-371 (1985); MW-23 (1979); M-862 (1971). We cannot disregard the distinction which the legislature has enacted. We believe the legislature intended that public employees have a year of prior service free of a nepotism relationship. See, e.g., Attorney General Opinion M-862 (1971) (period of prior service starts when employee begins work, not when he signs contract).

Therefore, if the trustee in this case severs her connection with the school board in February of 1987 and rejoins the board in April of 1987, her daughter will not have completed the one year of continuous service prior to the time her relative took office. Only if the trustee remains off the board for a full year will her daughter have an opportunity to complete the required year of prior service.

### S U M M A R Y

The exemption provision of the nepotism law, article 5996a, V.T.C.S., requires the employee to complete one year of continuous service at a time that the employee's relative is not an officer with power to hire and fire the employee.

Where a school trustee leaves office for two months and then resumes office, the trustee's relative has not completed one year of continuous

service prior to the time her relative takes office. Only if the trustee remains off the board for a full year will her daughter have an opportunity to complete the required year of prior service

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General