**Walter E. DUFFEY et al., Appellants,**

**v.**

**Charles W. ANDERSON, Individually and as County Judge of Bexar County, Texas, et al., Appellees.**

**No. 12722.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 17, 1954.

Rehearing Denied Dec. 15, 1954.

Neil E. Beaton, M. L. Roark, San Antonio, for appellants.

Austin F. Anderson, Dobbins & Howard, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Walter E. Duffey and some nineteen other persons, against Charles W. Anderson, Individually and as County Judge of Bexar County, Texas, and Carlos W. Coon and the other six trustees of North Rural High School District No. 1 of Bexar, Medina and Bandera Counties, Texas, seeking the issuance of a writ of mandamus requiring Honorable Charles W. Anderson, in his official capacity as County Judge, to call elections in five school districts of Bexar County, composing the North Side Consolidated School District No. 1 of Bexar County, Texas, for

the purpose of determining whether North Side Consolidated Common School District No. 1 of Bexar County should be abolished and the school districts composing six consolidated districts restored to their original status. The respondents answered and, among other things, moved for a summary judgment in their favor overruling the petition for the issuance of a writ of mandamus, which motion was granted by the trial court, and relators have prosecuted this appeal.

There was some confusion in the record as to whether appellants were trying to present the contention that North Side Rural High School District No. 1 of Bexar, Medina and Bandera Counties, Texas, was a legally constituted rural high school district, but appellants state positively in their brief that they are not making any such contention. So we may presume that, at least insofar as this cause is concerned, Rural High School District No. 1, of Bexar, Medina and Bandera Counties, Texas, is a legally constituted rural high school district. The question here presented is whether, after a number of school districts have been consolidated under the provisions of Article 2806, Vernon's Ann.Civ.Stats., and where such consolidated common district has further been consolidated with other school districts for the purpose of forming a rural high school district, may elections be held under the provisions of Article 2815, Vernon's Ann.Civ.Stats., abolishing such consolidated common district, without first abolishing the rural high school district under the provisions of Article 2922a, Vernon's Ann.Civ.Stats.?

Here a full statement of the facts will be helpful. On February 5, 1949, elections were held in each of three separate common school districts and one consolidated common school district in Bexar County, Texas, resulting in consolidation of these four districts, under the name of North Side Consolidated Common School District No. 1 of Bexar County, Texas. On November 9, 1949, by virtue of an election duly held and declared in compliance with Article 2806, above, the Mackey Common School Dis-

trict No. 15 was consolidated with the above consolidated district under the same name, that is, North Side Consolidated Common School District No. 1 of Bexar County, Texas. Thereafter, on August 12, 1950, pursuant to the provisions of Article 2922a etc., an election was duly held for the purpose of determining whether North Side Rural High School District No. 1 of Bexar, Medina and Bandera Counties, Texas, should be formed and created by annexing Clifton County Line School District No. 43 of Bexar, Medina and Bandera Counties, Texas, Hoffman Common School District No. 44 of Bexar County, and Culebra Common School District No. 1 of Bexar County, which election resulted in formation of North Side Rural High School District No. 1 of Bexar, Medina and Bandera Counties, Texas. As above stated, appellants are not in a position to and do not here contend otherwise.

On September 18, 1953, more than three years after the holding of all the above elections, appellants presented a petition to appellee Charles W. Anderson, in his official capacity of County Judge of Bexar County, Texas, seeking to have him call an election, the effect of which would be to dissolve North Side Common School District No. 1 of Bexar County, Texas, and to restore to each of the school districts composing such district the status each had occupied before such consolidation. On September 25, 1953, after a hearing, the County Judge declined to call these elections and this suit for the issuance for a writ of mandamus followed.

We may assume that if North Side Common School District of Bexar County, Texas, had not been consolidated with other school districts, to form North Side Rural High School District No. 1 of Bexar, Medina and Bandera Counties, Texas, under the provisions of Article 2815, Vernon's Ann. Civ.Stats., appellants would have been entitled to have the County Judge call the elections they were requesting. Consolidated Common School District No. 5 v. Wood, Tex.Civ.App., 112 S.W.2d 231; McLemore v. Stanford, Tex.Civ.App., 176 S.W.2d 770.

This brings us squarely to the question of whether these school districts represented here by appellants may be taken out of the Rural High School District and restored to their former status without first dissolving the Rural High School District in the manner provided by Article 2922a, Vernon's Ann.Civ.Stats. This Article provides for the establishment and abolishing of rural high school districts. That part of the article relating to abolishing of rural high school districts reads as follows, to-wit:

"* * * Provided, that the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary school district composing the rural high school district, and when such district has been abolished the elementary districts shall automatically revert back to their original status, with the exception that in the event there are any outstanding indebtednesses against the said rural school district each elementary district shall assume its proportional part of the debts, bonded or otherwise,"

Appellants do not make any contention that they have attempted to comply with the provisions of this article, but assert that they have a right under the provisions of Article 2815, supra, to abolish North Side Common School District No. 1 of Bexar County, Texas, and have the five school districts composing that district revert to their former status, without regard for the dissolution of the rural high school district. We cannot agree with this contention.

■ The right which the voters and taxpayers in North Side Common School District No. 1 of Bexar County had under Article 2815, supra, to abolish such district was lost when such district became a constituent part of the rural high school district, and will remain lost unless and until such rural high school district is abolished.

This is what the Legislature intended by the enactment of these two articles of the statute. To agree with the construction which appellants would have us place upon these articles would work all kinds of injustice and confusion. If these five school districts can withdraw from the rural high school district, so can each and every district composing the rural high school district, and thus there would be no district responsible for the bonded indebtedness of the rural high school district. The rural high school district had already assumed the indebtedness of the several school districts composing it, so these districts would not be required to assume any indebtedness unless the rural high school district was abolished. If the remaining school districts did not also withdraw from the rural high school district then they would be saddled with all of the bonds, rather than their just share. These are a few of the unjust and confused results that would take place if such school districts could withdraw from the rural high school district by the simple method provided for by Article 2815, supra, without first abolishing the rural high school district.

■ The voters of the several school districts composing the North Side High School District gradually voted to create larger and larger school districts. If they wish to undo what they have done they must start at the top and come down in the reverse order in which they built the structure. They should abolish these school districts layer by layer, beginning at the top, otherwise you would create confusion and disaster. It could never have been the intention of the Legislature in enacting these various statutes relating to the formation of school districts to have intended the bringing about of such confusion, injustice and disaster.

The judgment of the trial court overruling the petition for the issuance of a writ of mandamus is in all things affirmed.