Ralph NEILL et al., Appellants,

v.

Robert J. COOK et al., Appellees.

No. 3781.

Court of Civil Appeals of Texas.

Eastland.

March 8, 1963.

Rehearing Denied March 29, 1963.

Turpin, Kerr, Smith & Dyer, Midland, Christopher & Bailey, Ft. Worth, Hooser & Hooser, Big Spring, A. B. Culbertson, Ft. Worth, for appellants

Guilford L. Jones, Big Spring, J. C. Hinsley, Austin, for appellees.

PER CURIAM.

Ralph Neill and other trustees of Center Point Common School District No. 7 of Howard County, individually, and as trustee for the school district, and the trustees of Gay Hill Common Consolidated School District No. 6 of Howard County, individually, and as trustees, brought suit against the members of the County Board of School Trustees of Howard County, the County Superintendent and ex officio Secretary of the County School Trustees and the trustees of the Big Spring Independent School District. Plaintiffs sought judgment declaring null and void and the setting aside of certain orders of the County School Trustees entered May 4, 1960. The orders complained of first annexed Center Point Common School District No. 7 to Big Spring

Independent School District and then annexed Gay Hill Common Consolidated School District No. 6 to the Big Spring District. The case was tried before a jury which answered some of the special issues submitted but failed to answer others. The court received the verdict, found that the law and facts were with the defendants and entered judgment against plaintiffs based upon the pleadings, the evidence and the findings of the jury. Center Point Common School District and Gay Hill Common Consolidated School District have appealed.

The question involved is whether the annexations were valid. The evidence shows that on May 4, 1960, the County School Trustees of Howard County passed an order annexing Center Point Common School District No. 7, having less than 250 scholastics, to the Big Spring Independent School District, having more than 250 scholastics, under the provisions of Article 2922a, Vernon's Ann.Tex.Civ.St., and then passed an order annexing Gay Hill Consolidated Common School District No. 6, having less than 250 scholastics, to the Big Spring Independent School District, under the same statutory provision. The County School Trustees also passed an order redefining the boundaries of the Big Spring Independent School District to include the territories which previously constituted the three separate school districts before the orders of annexation. Prior to the annexations the Big Spring District had a common boundary with the Center Point district, and the Center Point District had a common boundary line with the Gay Hill District so that all three could be included in a common boundary line.

Appellants contend in numerous points that the court erred in sustaining the orders of the County School Board annexing the defendant Common School Districts to the Big Spring District. Appellants contend that the orders of annexation are absolutely void; that the County School Board had no jurisdiction or power to make such orders; that Article 2922a V.A.T.C.S.

granted no such power to the board; that contrary to the applicable statutory procedure such orders were entered in a summary fashion without the consent of and without notice of any kind to defendant Common School Districts; that the district formed greatly exceeds 100 square miles and no election was held as required by Article 2922c V.A.T.C.S.; that Article 2922a is not applicable and available in support of the action of the board under the facts of the case as shown by the evidence; that Gay Hill Common Consolidated School District was not contiguous to the Big Spring District; that as a consolidated district it was a creature of Article 2806 and could be dissolved only under authority of Article 2815a and not otherwise, because Article 2922a does not mention consolidated districts.

Article 2922a V.A.T.C.S. grants authority to the County School Trustees to do three things. It grants authority to group contiguous classified common school districts and independent school districts to form rural high school districts, authority to abolish rural high school districts on petition signed by a majority of each elementary district composing the rural high school district, and authority to annex certain types of common and independent school districts to other common and independent school districts. That portion of Article 2922a concerning annexation provides as follows:

"In each organized county in this state * * * the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic population, or to an independent district having two hundred fifty (250) or more scholastic population."

The above quoted portion of Article 2922a authorizes the County School Trustees to

annex common school districts having less than two hundred fifty scholastic population, such as those here involved, to an independent school district having two hundred fifty or more scholastic population such as appellee Big Spring Independent School District. There is no provision in Article 2922a, as amended in 1947, requiring approval of the annexation by the trustees of the districts involved. There is no requirement for an election, nor is there a requirement for notice to the school districts annexed. Such authority on the part of the County School Trustees is supported by the plain wording of the statute and it has been upheld in the following cases. District Trustees, etc. v. Pleasanton Independent School District, Tex.Civ.App., 362 S.W.2d 122, Adkins v. Rogers, Tex.Civ.App., 303 S.W.2d 820, (Ref. N.R.E.), La Parita Independent School District v. School Trustees of Atascosa County, Tex.Civ.App., 281 S.W.2d 123, (Ref. N.R.E.), Edwards v. Roberts, Tex.Civ.App., 233 S.W.2d 592.

■■■ There is no merit in appellants' contention that the annexation orders are invalid because the school districts in question are not contiguous. State ex rel. Childress v. School Trustees of Shelby County, 150 Tex. 238, 239 S.W.2d 777; Adkins v. Rogers, supra and cases cited therein. Article 2806 V.A.T.C.S., concerning elections to consolidate, has no application to annexations under Article 2922a and the procedure provided by Article 2806 is not required to be followed in an annexation under Article 2922a. Contrary to appellants' contention an annexation and a consolidation are not the same thing although the end result may be in each case to combine the districts. A consolidation involves the power delegated by the Legislature to voters of school districts. An annexation under Article 2922a involves the power granted to county school trustees to annex school districts to other school districts. We overrule appellants' contention that the annexation was void because the procedure required in connection with Article 2806 was not followed. Trinity Independent School District v. Dis-

trict Trustees, Tex.Civ.App., 135 S.W.2d 1021, (Writ Ref.), Board of District Trustees of Lanier Common School District No. 49, Cass County v. Board of County School Trustees, Tex.Civ.App., 232 S.W.2d 100, (Ref. N.R.E.), Mt. View Common School District v. Blanco County Board of School Trustees, Tex.Civ.App., 149 S.W.2d 224.

■■■ Article 2922c V.A.T.C.S. provides that "[n]o rural high school district * * shall contain a greater area than one hundred square miles * * * except that the county school board * * * may form rural high school districts, as provided in Article 2922a, containing more than one hundred square miles, upon a vote of a majority of the qualified electors * * *" in the proposed district. It is noted that the quoted provision applies only to that portion of Article 2922a concerning the formation of a "rural high school district", and has no application whatsoever to the provision therein for annexation of one or more school districts to another school district. No provision is found for an election in annexation cases even though the area may exceed 100 square miles. We overrule appellants' contention that Article 2922c applies to all of Article 2922a including the provision for annexation.

The contention that Article 2922a does not authorize the annexation of a consolidated common school district such as appellant Gay Hill District to another school district is likewise not well taken. The Gay Hill District was a common school district of less than two hundred fifty scholastics and as such was included among those districts which Article 2922a provides the county school trustees may annex to other described districts. The fact that it was a consolidated district is not material. Numerous cases have so held. See Duffey v. Anderson, Tex.Civ.App., 273 S.W.2d 649, District Trustees of Midway Common School District No. 7 and of Leon County v. County School Trustees of Leon County, Tex.Civ.App., 203 S.W.2d 860, State ex rel. Lowe v. Codenhead, Tex.Civ.App., 129

S.W.2d 743, (Writ Ref.), District Trustees, etc. v. Pleasanton Independent School District, supra.

 Appellants further contend that County School Trustees do not have authority to annex one school district to another by summary order; that the purported annexation without notice to appellants and without a hearing is therefore void; that the statute does not grant such authority and that if it should be held that the statute does purport to grant the authority it would deny appellant common school districts due process guaranteed under Article 1, Sec. 19, of the Texas Constitution and the 5th and 14th Amendments to the Constitution of the United States. We cannot agree with this contention. The Legislature has the power to create school districts at will without any kind of notice. It also has the power to change the boundaries of or to abolish school districts, to consolidate them, to group them for high school purposes, to annex school districts to other school districts and to provide the mode and agencies for effecting such action. State v. Brownson, 94 Tex. 436, 61 S.W. 114; Prosper Independent School District v. County School Trustees, 58 S.W.2d 5, (Tex.Com.App.). We have already noted that the wording of Article 2922a and the holding of several cases show a legislative grant of authority to county school trustees to annex certain school districts to other designated districts without any kind of notice to the annexed districts. In this connection the San Antonio Court of Civil Appeals states as follows in the case of District Trustees, etc. v. Pleasanton Independent School District, supra:

"Article 2922a grants discretionary authority to county school trustees to annex common school districts to independent school districts, and the county trustees may act on their own motion without a petition from or notice to the school districts affected. Since the 1947 amendment to the statute, they may do this without the approval or consent of the districts affected."

Concerning the constitutionality of such a statute, in Prosper Independent School District v. County School Trustees, 58 S.W.2d 5, (Tex.Com.App.), the court said:

"The validity of the act is assailed on various grounds. One of those grounds has reference to the omission to provide for notice to and hearing of the trustees of the district from which territory is proposed to be detached. The contention in this respect is to the effect that the absence of such a provision renders the act invalid under the due process clause of the Constitution (article 1 § 19). This contention necessarily presupposes that a school district, in its corporate capacity, has a vested right in respect of the territorial boundaries of the district as originally established. For, if there be no such vested right in the corporation, with respect to the territorial extent of the district, the due process clause, of course, would have no application. That no such vested right exists is hardly debatable; for a school district is, at last, but a subdivision of the state for governmental purposes. * * * the Legislature, by virtue of the above constitutional provision, has authority to change, at will, the territorial boundaries of any school district, and to provide the mode and agencies by which such change shall be effected."

 Appellants also urge that there is no purpose expressed for annexation as provided in Article 2922a; that there is no provision for the procedure to be followed or which defines the limits within which the county school trustees may act; that a legislative body cannot delegate unlimited legislative power; that although certain powers may be delegated to the discretion of administrative agencies, it is required that the grant of such power must be accompanied by prescribed standards sufficient to guide the discretion conferred; that

otherwise the power granted is legislative and is unlawful. In the case of State ex rel. Childress v. School Trustees of Shelby County, 150 Tex. 238, 239 S.W.2d 777, at page 780, it is held by our Supreme Court that there is a purpose in that portion of Article 2922a dealing with the power to annex and that purpose is to provide a method for providing better and stronger schools. The method of procedure is to order the annexation when in the sound discretion of the county school trustees such action is indicated by the educational needs of the territory involved. Contrary to appellants' contention there is a stated limitation on the power of county school trustees to annex under the provisions of Article 2922a. Only school districts of certain classifications may be annexed to other classified districts. In any event numerous cases have held that the Legislature has authority to grant discretionary power to county school trustees to group classified school districts for high school purposes, or to annex classified school districts to other classified school districts as provided in Article 2922a regardless of the desire or consent of the districts or territories affected, and to make such annexations without notice or hearing and without an election. District Trustees, etc. v. Pleasanton Independent School District, supra, La Parita Independent School District v. School Trustees of Atascosa County, supra, (Ref. N.R.E.), County School Trustees of Callahan County v. District Trustees, Tex.Civ.App., 192 S.W.2d 891, (Ref. N.R.E.), Stinson v. Graham, Tex.Civ.App., 286 S.W. 264, (Writ Ref.), 78 C.J.S. Schools and School Districts § 27, pages 677, 678.

■ Special issues numbers 1 and 2 of the court's charge inquired if the annexation of the Center Point and Gay Hill School Districts to the Big Spring Independent School District "was not for the benefit of the patrons and pupils present and prospective" of the respective Center Point and Gay Hill Districts. The jury did not answer these special issues. Appellants urge points complaining of the action of the court in accepting the verdict and in rendering judgment thereon rather than declaring a mistrial because of the failure of the jury to answer special issues numbers 1 and 2. Appellants contend that such special issues inquired about ultimate issues in the case and that in the absence of findings thereon favorable to appellees the judgment must be reversed and the cause remanded.

In answer to special issues numbers 4 and 5 it was found by the jury, in effect, that the decision of the county school trustees in annexing Center Point School District and Gay Hill School District to Big Spring Independent School District was not arbitrary and capricious.

In our opinion special issues numbers 1 and 2, 3 and 4 are concerned with the same general proposition. Actually the ultimate and controlling question involved was whether or not the acts of the County School Trustees in annexing the Common School Districts to the Big Spring Independent School District were arbitrary and capricious. The issues inquiring whether or not such annexations were for the benefit of the patrons and pupils were evidentiary and were material only to the extent that they might be involved in the determination of the matters inquired about in special issues numbers 4 and 5. The court did not err in overruling appellants' motion for a mistrial because of the jury's failure to answer issues numbers 1 and 2.

■ County School Trustees are vested with a broad discretion. The exercise of this discretion will not ordinarily be interfered with by the courts except in a case of clear abuse of discretion, arbitrary action, violation of the law, fraud, bad faith or the transcending of the board's authority. 78 C.J.S. Schools and School Districts § 99, pages 849, 850, State Line Consolidated School District No. 6 of Parmer County v. Farwell Independent School District, 48 S.W.2d 616, (Tex.Com.App.). As heretofore indicated, the county school trustees' action in entering the orders of annexation

was not in violation of the law. It was not void because of a lack of statutory or constitutional authority. The evidence bearing upon the question of an abuse of discretion indicates that Gay Hill Consolidated District is a 9 teacher school with 121 scholastics. Center Point District is a 4 teacher school with 83 scholastics. Each of these common school districts maintains a 9 months school year. Center Point teaches through the first 8 grades and Gay Hill also teaches the first 8 grades. The average daily attendance for the 1959–60 school year of Gay Hill was 93.83 and for Center Point 76.49. The average annual per capita cost of educating elementary scholastics in the Gay Hill School was approximately $1,175.00 and in the Center Point School was $280.00. The Gay Hill district paid the Big Spring district $279.00 per scholastic year as tuition on the high school students transferred to that district. The evidence shows that the Big Spring Independent School District operates 9 elementary schools, 3 junior high schools and a senior high school; that it employs 300 teachers and has an average daily attendance in the school year 1959–60, 6,051.14 scholastics; that the Big Spring District is the only school district in Howard County accredited by the Southern Association; that Big Spring operates separate junior high schools offering elective courses taught by specialists in each course, and provides special services including school nurses, counselors, special music and foreign languages; that it also provides special instruction for exceptional students and gives aptitude tests to students throughout the school system. It was further shown that for the school year 1959–60 Gay Hill transferred to the Spring District 20 high school scholastics and transferred to Big Spring all their elementary negro scholastics, and to Gail 18 scholastics; that Center Point School District transferred to the Big Spring District 22 high school scholastics and transferred 4 scholastics to Coahoma District. The average annual per capita cost for education of scholastics in the elementary schools of the

Big Spring District was approximately $300.00 and in the junior and senior high schools was approximately $390.00.

In determining whether the action of county trustees is a valid exercise of a discretionary power or is arbitrary and capricious, courts will generally apply the substantial evidence rule, and if the action of the board is reasonably supported by substantial evidence, the order will be affirmed. Patillo v. County School Trustees of Wilson County, Tex.Civ.App., 235 S.W.2d 924, 925, State ex rel. Blooming Grove Independent School District of Navarro County v. County Board of School Trustees, Tex.Civ.App., 334 S.W.2d 588, (Ref. N.R.E.), Young County Board of School Trustees v. Bailey, Tex.Civ.App., 61 S.W.2d 130, (Writ Ref.), Board of District Trustees of Lanier Common School Dist. No. 49, Cass County v. Board of County School Trustees of Cass County, Tex.Civ.App., 232 S.W.2d page 100, County School Trustees of Callahan County v. District Trustees, Tex.Civ.App., 192 S.W.2d 891, (Ref. N.R.E.).

The jury found that the decision of the County School Trustees of Howard County in annexing the Center Point and the Gay Hill Districts to the Big Spring District was not arbitrary and capricious. This finding was, in effect, a jury determination that the action of the County School Board was not an abuse of discretion. Actually, the question of whether there is an abuse of discretion or, more specifically, whether there is "substantial evidence" to support the action of the board is determined by the court and not by a jury. Southern Canal Company v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619. The test is whether the evidence, considering the record as a whole, is such that reasonable minds might reach the same conclusion. The evidence in our opinion is such that reasonable minds might well reach the same conclusion reached by the County Board in annexing the appellant Common School Districts to the Big Spring District.

Such evidence is "substantial evidence" and is sufficient to support the determination and the orders made by the Board.

 The evidence does show, and the jury found, that in 1959, prior to the time of an election held to determine the question of consolidating the Gay Hill District with the Borden County School District, the chairman of the County School Trustees of Howard County publicly stated in substance that the matter of annexing appellant Common School Districts to the Big Spring District had never been considered and would not be considered without the knowledge of such Common School Districts. Appellants particularly urge that the action of the county school trustees in annexing them to the Big Spring District without notice under these circumstances shows fraud and an abuse of discretion. This contention is likewise untenable. Past policies of County School Trustees are not required to be followed in matters within their discretion. 78 C.J.S. Schools and School Districts § 99, p. 850. Motive is not material unless it results in an abuse of discretion. As heretofore noted the decision reached by the County School Trustees of Howard County was within the discretion of the Board and, therefore, should not be disturbed.

Appellee County Board of School Trustees of Howard County has filed herein a resolution confessing error in the judgment and requests this court to enter judgment for appellants reversing the judgment of the trial court and setting aside the prior orders of the Board annexing appellant School Districts to the Big Spring School District. The order of the Board annexing appellant School Districts became final and could not be rescinded at a subsequent meeting. District Trustees, etc. v. Pleasanton Independent School District, (Ref. N.R.E.), supra, and cases cited therein. Since the County School Board has no power to rescind its final order at a subsequent meeting it likewise has no power to confess error herein where none exists.

We have carefully examined the points urged by appellants and find no reversible error.

The judgment of the trial court is in all things affirmed.