

# The Attorney General of Texas

April 15, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wilhelmina Delco
Chairman, Committee on Higher
  Education
House of Representatives
Austin, Texas 78769

Opinion No. MW-170

Re: Dual membership on the board of the Texas Guaranteed Student Loan Corporation and the boards of Higher Education Authorities.

Dear Representative Delco:

You have questioned the legality of appointing to serve on the board of the Texas Guaranteed Loan Corporation (hereinafter TGLC) persons who also sit on the boards of Higher Education Authorities that issue or purchase securities guaranteed by the TGLC.

The Texas Guaranteed Loan Corporation was established in 1979 as a public, nonprofit corporation to guarantee loans made to eligible students by eligible lenders as provided by the federal guaranteed student loan program under the Higher Education Act of 1965, 20 U.S.C. § 1001, et seq. See Educ. Code §§ 57.11, 57.41.

Higher Education Authorities are public corporations created by cities as bodies politic and have express statutory power to "issue revenue bonds to obtain funds to purchase student loan notes which are guaranteed under the provisions of the Higher Education Act of 1965," and, acting through a bank with trust powers, to have student loan notes purchased for their accounts. See Educ. Code §§ 53.11, 53.13, 53.33, 53.34, 53.47.

The most serious difficulty lies in the fact that a person would be serving as a director of both as the insuror and the insured. Persons who serve on the boards of Higher Education Authorities investing in guaranteed student loans are duty-bound to protect the interests of the authority and to bring suit, if necessary, against the guarantors of defaulting students in order to collect for the authority the amounts represented by the guaranteed securities. On the other hand, persons who serve on the board of the Texas Guaranteed Student Loan Corporation are duty-bound to resist such attempts where the asserted rights of the obligee authority against the guarantor corporation are questionable. See Educ. Code §§ 53.01, et seq.; 57.01 et seq.

Thus, we believe that membership on the board of a Higher Education Authority is incompatible with membership on the board of the Texas Guaranteed Student Loan Corporation, since persons who were directors of both would be subject to inconsistent public responsibilities, and would find it necessary to sacrifice the interests of one in order to serve the other. Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm. 1927, jdgmt. reversed). See Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928); Attorney General Opinion H-117 (1973); Attorney General Letter Advisory No. 114 (1975). Cf. Attorney General Opinion MW-81 (1979).

However, it is not unlawful to appoint persons to the Texas Guaranteed Student Loan Corporation board of directors who are already members of the boards of Higher Education Authorities. Persons who accept and qualify for offices that are incompatible with offices they already hold ipso facto relinquish their prior posts. Thomas v. Abernathy County Line Independent School District, supra. See Rock Island Independent School District No. 907 v. County Board of School Trustees of Colorado County, 423 S.W.2d 665 (Tex. Civ. App., Houston [14th Dist.] 1968, writ ref'd n.r.e.); Attorney General Opinion H-155 (1973).

## S U M M A R Y

It is not unlawful for a member of the board of a Higher Education Authority to be appointed to the board of the Texas Guaranteed Student Loan Corporation, but the two offices are incompatible, and a person who accepts and qualifies for the second office automatically forfeits the first.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman

Susan Garrison
Rick Gilpin
Eva Loutzenhiser
Bruce Youngblood