COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-081-CV
 
  
GERALD 
DEMARSH, SR.                                                        APPELLANT
  
V.
  
TEXAS 
WORKFORCE COMMISSION;                                        APPELLEES
MRS. 
CASSIE CARLSON REED;
MRS. 
COURTENAY BROWNING,
UNEMPLOYMENT 
APPEALS DIRECTOR;
AND 
J. L. MYERS COMPANY
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant, 
Gerald DeMarsh, Sr., a pro se litigant, appeals the trial court’s judgment 
affirming the Texas Workforce Commission’s (“TWC”) denial of unemployment 
compensation benefits. Appellees are theTWC, Cassie Carlson Reed, Courtenay 
Browning, and J.L. Myers Company (“JL Myers”).
Factual and Procedural Background
        On 
March 11, 2002, Appellant began working for JL Myers, a gas and oil production 
company, as a driller. In addition to drilling duties, Appellant was responsible 
for hiring help to operate the rig. On March 13 or 14 of the same year, 
Appellant voluntarily left his employment with JL Myers. Appellant claims that 
he left because the drilling equipment used by JL Myers was “junk” and the 
drilling rig was the poorest maintained rig he had ever been on in over 
fifty-four years of work in the oil well drilling business. According to 
Appellant, he told his supervisor, Clifton Williams, that repairs needed to be 
made to the rig. However, Appellant acknowledges that he did not comment on the 
condition of the rig when he quit or state that he was quitting over concerns 
for his safety.
        Appellees 
claim that Appellant left because it was too difficult to hire help on the rig. 
According to Appellees, Appellant discharged the help that existed on the rig 
when he was hired and then hired his own inexperienced sons to operate the rig. 
One of Appellant’s sons quit after the first day. Appellant’s other son 
worked for two or three weeks before developing a hernia problem for which JL 
Myers compensated him through workers’ compensation. When asked at trial if 
the reason he gave for leaving was that he was having trouble finding help, 
Appellant replied, “[w]ell, that was part of it. My son quit, and he -- I 
couldn’t find anybody to work for any 7 or 8 dollars an hour.”
        Appellant 
filed for unemployment benefits in March 2002. The TWC determined that Appellant 
was not entitled to compensation because he voluntarily left his work without 
good cause. At the request of Appellant, the TWC Appeal Tribunal reviewed the 
decision and affirmed the TWC’s denial of unemployment benefits. In summary, 
the tribunal found:
•Appellant 
quit and informed JL Myers’ secretary that he would not return because it was 
too difficult to find help.
 
•Appellant 
was responsible for hiring hands, and discharged other hands to hire his own 
sons.
 
•Appellant 
believed the rig was unsafe.
 
•Appellant 
did not raise safety issues with his supervisor because he believed it was the 
supervisor’s job to ensure that the rig was safe.
 
•The 
rig was regularly inspected and found free from major violations.
 
•Appellant’s 
failure to have enough workers resulted from his own actions.
 
•Appellant 
did not overcome his burden of proving by a preponderance of the evidence that 
the rig was unsafe because he did not give JL Myers the opportunity to address 
the safety issues before quitting.
 
•Appellant 
voluntarily quit without good cause connected with the work when work was 
available.
 
•Appellant 
is disqualified from receiving temporary extended unemployment insurance 
benefits.

        Thereafter, 
Appellant made a formal complaint to the Occupational Safety and Health 
Administration (“OSHA”) on May 31, 2002. OSHA conducted an investigation and 
determined that some of the conditions and practices alleged by Appellant could 
not be substantiated by the compliance officer either through observation or 
employee interviews. The hazardous conditions that could be substantiated by the 
compliance officers included the following:
  
•A 
guard on the break line spool cable was not properly aligned to prevent the 
cable from slipping over the cat head.
 
•The 
rig was not equipped with an escape line in case of emergency.

OSHA 
issued a Citation and Notification of Penalty to JL Myers on November 27, 2002.
        Appellant 
filed suit in the Denton County Court of Law No. 2 on August 27, 2002, seeking 
review of the TWC ruling. Following a bench trial, the trial court affirmed the 
TWC’s decision. Findings of fact and conclusions of law were not requested. 
However, the trial court’s judgment states:

[T]he 
Court proceeded to consider the pleadings, evidence, and argument. After hearing 
evidence and argument, the Court is of the opinion that the decision of the [TWC] 
is supported by substantial evidence.

  
On 
June 20, 2003, Appellant, pro se, filed his brief with this court. In his brief, 
Appellant complains that the trial court erred in upholding the TWC’s ruling 
because he voluntarily left his employment with good cause.
Standard of Review
        Judicial 
review of a TWC decision raises a question of law reviewed under the substantial 
evidence rule. Firemen’s & Policemen’s Civil Serv. Comm’n v. 
Brinkmeyer, 662 S.W.2d 953, 955-56 (Tex. 1984); Arrellano v. Tex. 
Employment Comm’n, 810 S.W.2d 767, 769 (Tex. App.—San Antonio 1991, writ 
denied). Under the substantial evidence rule, agency decisions carry an 
automatic presumption of validity that a reviewing court cannot ignore or 
disregard. Collingsworth Gen. Hosp. v. Hunnicutt, 988 S.W.2d 706, 708 
(Tex. 1998); Mercer v. Ross, 701 S.W.2d 830, 831 (Tex. 1986). Thus, 
Appellant has the burden of demonstrating that the TWC decision was not 
supported by substantial evidence. Mercer, 701 S.W.2d at 831; Rock 
Island Indep. Sch. Dist. v. County Bd. of Sch. Trs., 423 S.W.2d 665, 669 
(Tex. Civ. App.—Houston [14th Dist.] 1968, writ ref’d n.r.e.). Appellant 
must show that the agency decision was “illegal, arbitrary, capricious, 
unreasonable or discriminatory.” Rock Island, 423 S.W.2d at 669. The 
substantial evidence rule requires Appellant to do more than simply cast doubt 
upon the TWC’s determination. Olivarez v. Aluminum Corp. of Am., 693 
S.W.2d 931, 932 (Tex. 1985); Arrellano, 810 S.W.2d at 772.
        A 
guiding principle of the substantial evidence rule is that, when evaluating the 
evidence, the courts must use a reasonableness standard. Brinkmeyer, 662 
S.W.2d at 956; Gerst v. Nixon, 411 S.W.2d 350, 354 (Tex. 1966); Fire 
Dep’t of Ft. Worth v. City of Ft. Worth, 147 Tex. 505, 217 S.W.2d 664 
(1949). If any reasonable person could have come to the same conclusion as the 
TWC based on the evidence, the agency’s decision must be upheld, even if the 
reviewing court would have reached a different conclusion. Potts v. Tex. 
Employment Comm’n, 884 S.W.2d 879, 882 (Tex. App.—Dallas 1994, no writ). 
Where the agency’s decision is shown to be against the great weight and 
preponderance of the evidence, a court, as a matter of law, is still bound to 
affirm the agency decision as long as a reasonable person could have reached the 
conclusion reached by the agency. Tex. Employment Comm’n v. Ryan, 481 
S.W.2d 172, 175 (Tex. Civ. App.—Texarkana 1972, no writ).
Discussion
        The 
Texas Unemployment Compensation Act states that, “[a]n individual is 
disqualified for benefits if the individual left the individual’s last work 
voluntarily without good cause connected with the individual’s work.” Tex. Lab. Code Ann. § 207.045(a) 
(Vernon Supp. 2003). The TWC defines “good cause” as a cause related to an 
individual’s work that “would cause a person who is genuinely interested in 
retaining work to nevertheless leave the job.” Texas Workforce Commission, Appeals 
Policy and Precedent Manual, Voluntary Leave, § 210.00, at http://www.twc.state.tx.us/ui/appl/app_manual.html 
(Oct. 1, 1996).
        Applying 
the TWC definition, we conclude that the evidence presented at trial supports 
the TWC’s decision to deny Appellant’s claim for unemployment compensation 
benefits. Appellant voluntarily terminated his employment with JL Myers after 
only a few days without informing the company that he was quitting over safety 
concerns or providing them with an opportunity to resolve the situation. A 
reasonable person genuinely interested in retaining work would afford his 
employer the opportunity to remedy safety concerns before summarily walking off 
the job. Although Appellant testified that he informed Williams of his safety 
concerns, Appellant also testified:
   
Q. Did you at any point in time tell him, we’ve got 
problems with this rig, and I can’t work out on it anymore unless you fix the 
rig?
 
A. No. I never did tell him that. You know, and a person 
ought to have sense enough to, you know, see a problem and try to remedy it.

Furthermore, Appellant admitted that one of the reasons 
he quit was because he was having a hard time finding help. A reasonable person 
genuinely interested in retaining work would allow more than three or four days 
to determine that he could not find anyone to work on the rig for the hourly 
rate offered by JL Myers.
        This 
court recognizes that Appellant’s concerns regarding his safety might very 
well have been justified. It was not unreasonable, however, for the TWC to 
conclude that Appellant did not have good cause to leave the job. A TWC 
determination must not be reviewed for its “correctness,” nor can a court 
substitute its own judgment for that of the agency. Brinkmeyer, 662 
S.W.2d at 956. Similarly, an agency ruling may not be set aside merely because 
there was conflicting or disputed testimony. Rodriguez v. Tex. Employment 
Comm’n, 936 S.W.2d 67, 69-70 (Tex. App.—San Antonio 1996, no writ); Olivarez, 
693 S.W.2d at 932. Rather, “[r]esolution of factual conflicts and ambiguities 
is the province of the administrative body.” Brinkmeyer, 662 S.W.2d at 
956. For these reasons, we conclude that the TWC’s determination was supported 
by substantial evidence.
Conclusion
We overrule Appellant’s sole issue and affirm the trial 
court’s judgment.
 
 
                                                                  PER 
CURIAM
 
  
PANEL B:   HOLMAN, 
LIVINGSTON, and DAUPHINOT, JJ.
DELIVERED: November 20, 2003
 

NOTES
1. See Tex. R. App. 
P. 47.4.